# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Veotis Harding, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 5:18-cv-01878-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Bryan Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Veotis Harding, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed August 14, 2018. (ECF No. 15.) The Report recommends that the court **DISMISS** Petitioner's Petition without prejudice. (ECF No. 1.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's Petition (ECF No. 1) without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. <u>Initial Sentencing and Downward Departure</u>

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 15 at 1–3.) On August 28, 2003, Petitioner plead guilty in the Eastern District of North Carolina to thirty-five (35) counts of money laundering and fourteen (14) related counts based on his operation of escort businesses serving as a front for a prostitution ring. *United States v. Harding*, No. 5:02-cr-00191-BO-1, ECF No. 61 (E.D.N.C. Mar. 3, 2017) ("Criminal Case")). He was sentenced to forty (40) years in prison. (*Id*.)

Petitioner appealed both his conviction and his sentence. (ECF No. 76 (Criminal Case)); *see also United States v. Harding*, 143 F. App'x 536 (4th Cir. 2005). On August 24, 2005, the

1

United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction, vacated the sentence, and remanded the case for resentencing.  (ECF No. 76 (Criminal Case)); *see also Harding*, 143 F. App'x at 539.  Upon remand, Petitioner was sentenced to 330 months (27.5 years) of imprisonment.  (ECF No. 89 (Criminal Case); *see also* ECF No. 1-1 at 4); *Harding v. Owens*, Civil Action No. 5:12-cv-01213-JMC, ECF No. 18-3 at 12 (D.S.C. Nov. 30, 2012).

Petitioner again appealed his sentence contending that it was unreasonable.  *United States v. Harding*, 228 F. App'x 272 (4th Cir. 2007).  The Fourth Circuit ultimately affirmed Petitioner's sentence.  *Id.* at 273.

B.   The Retroactive Application of *Santos* and *Halstead*

Among the many crimes for which Petitioner was convicted, one charge pertained to money laundering in furtherance of the criminal enterprise.  (*See* ECF No. 61 (Criminal Case).)  On June 2, 2008, a plurality of the Supreme Court in *United States v. Santos* "[found] a merger problem with money-laundering charges where the laundering is part of the criminal enterprise itself" (ECF No. 15 at 2), and thus limited the term "proceeds" in the federal money-laundering provision (18 U.S.C. § 1956(a)(1)) to profits.  *Santos*, 553 U.S. 507 (2008).  Because "proceeds" was ambiguous, the rule of lenity applied.  *Id.* at 523.  Thus, forfeitures applied only to profits and not to receipts.  *Id.*

On September 25, 2008, Petitioner filed a motion seeking an extension of the time to file a 28 U.S.C. § 2255 motion; however, Petitioner indicated neither knowledge of the *Santos* decision nor intent to seek relief due to the change in the law.  (ECF Nos. 100, 104 (Criminal Case)); *see also Harding v. Owens,* 615 F. App'x 146, 147 (4th Cir. 2015).  Petitioner's Motion seeking an extension of time was denied as untimely.  (ECF No. 1 at 2 (5:12-cv-01213-JMC).)

2

When the Fourth Circuit retroactively applied *Santos* to collateral review in *United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), Petitioner thereafter filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging invalid convictions under *United States v. Santos*. (ECF No. 1 at 11–17.) Positing that the proceeds he generated from money-laundering were spent maintaining the prostitution ring, Petitioner requested leniency. (*Id.* at 12–13.) Additionally, Petitioner requested a writ of *audita querela*[1] under 28 U.S.C. § 1651(a) and a writ of *coram nobis*[2]. (ECF No. 22 at 8–11 (5:12-cv-01213-JMC).)

Invalid convictions fall into two categories: (1) those that a federal prisoner could not have challenged in his initial § 2255 petition because any challenge was squarely foreclosed by binding Circuit precedent that the Supreme Court only subsequently overturned; and (2) those that a petitioner could have, but failed to, challenge earlier. Petitioner's May 2012 claim fit squarely in the latter, seeking relief from his alleged erroneous convictions and sentences. (ECF No. 22 at 8 (5:12-cv-01213-JMC).) Because Petitioner failed to make the requisite showing that relief is "inadequate or ineffective" under § 2255, this court held his § 2241 petition was not properly before the court. (ECF No. 31 at 8-11 (No. 5:12-cv-01213-JMC).)

This court subsequently transferred Petitioner's Petition for a Writ of Coram Nobis to the court of conviction, where Petitioner once more filed a § 2255 motion, challenging his guilty plea as involuntary because of "police and prosecutorial misconduct" and invoking "*United States v. Santos*, 553 U.S. 507 (2008) . . . , double jeopardy, and a sentencing claim based on *Johnson v.*

---

[1] *Audita querela* is a writ "used to challenge a judgment that was correct at the time it was issued, but which was rendered infirm by matters arising after its issuance," therefore causing the continued existence of the judgment contrary to the interests of justice. *Hanan v. United States*, 402 F. Supp. 2d 679, 683 (E.D. Va. 2005).

[2] *Coram nobis,* meaning "[the errors] before us," is used to challenge a judgment predicated upon alleged errors of law that would have prevented the original judgment from being pronounced. *United States v. Jackson*, 371 F. Supp. 3d 257, 263–64 (E.D. Va. 2019).

3

*United States*, 135 S. Ct. 2551 (2015)." (ECF No. 15 at 1-2 (citing ECF Nos. 107, 110 (Criminal Case)).) The Eastern District of North Carolina ultimately dismissed the petition finding that Petitioner had an "unobstructed procedural shot" to assert his invalid conviction through a § 2255 motion when the window was available and observed "that Petitioner had previously filed a § 2241 petition in [the District of South Carolina] in May 2012." (ECF No. 15 at 2; *see also* ECF No. 1-1 (5:12-cv-01213-JMC).) Nevertheless, the Eastern District of North Carolina provided Petitioner an opportunity to convert his § 2241 petition into a § 2255 motion to vacate, which he accepted. (ECF Nos. 52, 53, 55 (Criminal Case); *see also* ECF No. 31 at 8 (5:12-cv-01213-JMC).) Upon review, the Eastern District of North Carolina dismissed Petitioner's § 2255 motion as untimely. (ECF Nos. 128, 129 (Criminal Case).)

C.    Petitioner's Instant Petition

As the Report lays out, Petitioner's § 2241 petition alleges his eighteen (18) violations of 18 U.S.C. § 1952 and seventeen (17) violations of 18 U.S.C. § 1956 are invalid under *Santos*. (ECF Nos. 1-1 at 7–22; 15 at 2–3; *see also* ECF No. 31 at 8–11 (No. 5:12-cv-01213-JMC); ECF Nos. 52, 53, 55 (Criminal Case).) Specifically, Petitioner avers the money-laundering provisions do not encompass those persons who use revenue from illegal activities "to pay for the essential expenses of operating that same illegal business." (ECF No. 1 at 16.) The United States Court of Appeals for the Fourth Circuit did not authorize Petitioner's motion before he filed this case. (ECF No. 15 at 3.)

## II.    LEGAL STANDARD

The Magistrate Judge's report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a

4

final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of specific objections to the report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note) (emphasis added). Furthermore, failure to file specific written objections to the report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 U.S. Dist. LEXIS 127988, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 U.S. App. LEXIS 21271, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (emphasis added).

"[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A motion filed under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. However, a petitioner can challenge his federal sentence under § 2241 if he can satisfy the jurisdictional requirements of the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) (recognizing the jurisdictional prerequisite of the savings clause).

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted). "[I]f a petitioner cannot meet the savings clause requirements, then the § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Robinson v. Hutchinson*, C/A No. 6:19-2831-RMG-KFM, 2019 U.S. Dist. LEXIS 225025, at *4 (D.S.C. Nov.

6

26, 2019) (quoting *Rice*, 617 F.3d at 807 (4th Cir. 2010)).  Similarly, the Fourth Circuit has recognized that § 2255 is inadequate and ineffective to test the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and, (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).  Under Jones, a prisoner may pursue § 2241 relief only if he was denied an opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law.  *Rice*, 617 F.3d at 807.  However, where the prisoner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such change," a § 2241 motion is not an available course of action.  *Id.*

### III.     ANALYSIS

A. The Magistrate Judge's Report

Upon review, the Magistrate Judge concluded that "the [§ 2241] Petition submitted in this case is successive and an abuse of the writ." (ECF No. 15 at 5.)   Here, the Magistrate Judge relies upon a full review of Petitioner's "filings and this court's and the Eastern District of North Carolina's dockets."  (*Id.*)   Moreover, the Magistrate Judge observes this court in *Harding v. Owens*, No. 5:12-cv-01213-JMC, and by the Eastern District of North Carolina in *United States v. Harding*, No. 5:02-cr-00191-BO-1, already considered Petitioner's claims on the merits.  (*Id.*)  Because the *Santos*-challenge to his conviction in the instant § 2241 Motion, as well as in his untimely § 2255 Motions, were already brought before the sentencing court, the Magistrate Judge ascertained the Petition should be dismissed without prejudice.  (*Id.* at 3–6.)   Additionally, the

Report observes that Petitioner's reliance on *Wheeler* is misplaced because Petitioner had "two unobstructed opportunities to raise his *Santos* claim." (*Id.* at 6.)

B. Petitioner's Objection

In his Objections to the Report, Petitioner first objects to the Magistrate Judge's conclusion that "this court is without subject-matter jurisdiction to consider the Petition under § 2241" (ECF No. 15 at 6), because "the ruling in *Wheeler*, . . . would provide relief under § 2255(e)" (ECF No. 20 at 2). Petitioner is correct in observing that a federal prisoner may file a § 2241 petition challenging his conviction only if § 2255 is "inadequate or ineffective to test the legality of his detention." (ECF No. 20 at 2 (citing 28 U.S.C. § 2255).) Likewise, *Wheeler* does enable a petitioner to attack the validity of the conviction should the petitioner demonstrably satisfy the aforementioned four-prong test. (ECF No. 20 at 2–3 (citing *Wheeler*, 886 F.3d at 427 (citation omitted)).)

Petitioner argues that he may bring his *Santos* claim pursuant to § 2241 because he is foreclosed from seeking collateral relief once his prior § 2255 motion was "ultimately dismissed by the sentencing court on March 3, 2017." (ECF No. 20 at 2; *see also* ECF Nos. 128, 129 (Criminal Case).) As such, Petitioner "prays [this] court grant his Petition" for relief to remedy this "'complete miscarriage of justice.'" (ECF No. 20 at 4–5.)

C. The Court's Review

The Report provides: "it appears Petitioner is making essentially the same arguments and claims about the underlying validity of his convictions that he unsuccessfully made to the sentencing court in connection with his § 2255 motions and to this court in the § 2241 petition filed in this court in 2012." (ECF No. 15 at 3–4.) As such, the Magistrate Judge finds Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the §2255

8

savings clause. (ECF No. 15 at 6.)

Although Petitioner has labeled his present Petition as one brought pursuant to § 2255(e), review of the Petition indicates that Petitioner is attempting to bring an unauthorized successive petition pursuant to 28 U.S.C. § 2241. (ECF No. 15 at 3.) Petitioner does not indicate, and the record does not reflect, that he has sought permission from the United States Court of Appeals for the Fourth Circuit to file a successive § 2241 petition. (ECF No. 15 at 3.) The re-characterization of this Petition appears to be an effort to circumvent the requirement of obtaining permission to file a successive § 2241 petition.

To the extent that Petitioner alleges *Wheeler* entitles him relief under § 2255(e)'s savings clause, Petitioner has failed to acknowledge he could have brought his § 2255 motion within a year following *Santos*. "The remedy afforded by a § 2255 [motion] is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under the provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. As the Magistrate Judge correctly laid out: "Petitioner had not only one, but two unobstructed opportunities to raise his *Santos* claim." (ECF No. 15 at 6.) Under these circumstances, Petitioner's prior untimely § 2255 motions do not render this remedy inadequate or ineffective.

As stated in the Report, the Petitioner pled guilty to money laundering in violation of 18 U.S.C. §§ 1952 and 1956. (ECF Nos. 1-1 at 2, 7–8, 15 at 1; ECF No. 61 (Criminal Case).) Therefore, the Government satisfied its burden of proof for the underlying offense. In addition, the conduct to which the Petitioner pled guilty remains a crime. Consequently, Petitioner has not satisfied the second prong of the *Jones* test, as was communicated to him in his 2012 writ of habeas corpus. (ECF No. 31 at 9 (No. 5:12-cv-01213-JMC).) Therefore, the court accepts the finding of

the Report that Petitioner is not able to challenge his conviction under § 2241 because he has failed to make the requisite showing that relief under § 2255 is inadequate or ineffective.

## IV.    CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15), **OVERRULES** Petitioner's Objections (ECF No. 20), and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 without prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

July 13, 2020
Columbia, South Carolina